ANDREW MORSE *vs.* ROBERT WILLIAMS.

*Title by prescription.*

62  445
87  321
62  445
92  230

A possession to give title must be adverse for all the requisite time, and so notorious that the owner may be presumed to have knowledge that it is adverse.

ON MOTION FOR A NEW TRIAL.

CASE, alleging that Andrew Morse and his predecessors in title to the premises described in the writ, for more than forty years prior to the first day of July, 1871, had and enjoyed a certain aqueduct, and the right to the water flowing therein, from a spring upon the defendant's land; but that on the sixth day of July, 1871, said Williams deprived the plaintiff of the aqueduct, and of the use and benefit thereof, by plugging up the pipes, and diverting the water. The writ was dated September 5, 1871. The evidence showed that, about 1840, the plaintiff's father com-

menced to draw water through this aqueduct from a spring by the side of "the mill road," upon land the fee of which belonged to Judah McLellan, by consent of the owner, Mr. McLellan; that in 1856, in locating and constructing the railroad, this spring was destroyed, and a new one had to be opened further up on Mr. McLellan's land, which has been since used to supply the estate described in the writ; that the plaintiff's father formerly owned the lot on which the defendant's house stands, and which is crossed by the aqueduct, but not that on which the springs were situated, which came to the defendant by another title; that in conveying this house-lot the plaintiff's father reserved the right to use the aqueduct; and there was some testimony, that for a number of years past—how many did not appear—the plaintiff has claimed the use of the spring, as belonging to him, adversely to the landowner, and irrespective of his wishes.

The verdict was for the plaintiff, and the defendant moved to have it set aside, as against law and evidence.

*D. D. Stewart* and *Wm. Folsom*, for the defendant.

*S. D. Lindsey* and *H. & W. J. Knowlton*, for the plaintiff.

RESCRIPT.

The plaintiff claims the title to the spring, which is the fountain from which his aqueduct flows, by prescription.

The preponderance of the testimony shows decidedly that the use of that spring by the plaintiff's grantor begun under a verbal license from the former owner. There is no testimony tending to show any subsequent change in the use, or that it was at any time inconsistent with the title of the original owner or his grantee. A possession which gives title must be adverse for all the requisite time, and so notorious that the owner may be presumed to have knowledge that it is adverse.       *Motion sustained.*